UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                     )
THE GENERAL HOSPITAL CORPORATION,    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )
DIANA GAETA a/k/a DIANE MAE GAETA,   )
                                     )   Civil Action No. _____
        Defendant/Third-Party Plaintiff, )
                                     )
v.                                   )
                                     )
AETNA HEALTH, INC. f/k/a AETNA U.S.  )
HEALTHCARE, INC. f/k/a U.S. HEALTHCARE,)
INC.                                 )
                                     )
        Third-Party Defendant.       )
_____)
```

04 12331 RWZ

## NOTICE OF REMOVAL FROM THE BOSTON MUNICIPAL COURT

To The Honorable Justice of The United States District Court for the District of Massachusetts:

Your petitioner Aetna Healthcare, Inc., f/k/a Aetna U.S. Healthcare, Inc. f/k/a U.S. Healthcare, Inc. ("Aetna") hereby states as follows:

1.  Plaintiff General Hospital Corporation ("MGH") brought suit against defendant/third-party plaintiff Diana Gaeta a/k/a Diana Mae Gaeta ("Diana") in the Boston Municipal Court to recover sixty two thousand two hundred ninety dollars ($62,290.31) and thirty one cents relating to medical care allegedly provided by MGH to Diana.

2.    The third-party plaintiff, Diana Gaeta a/k/a Diana Mae Gaeta ("Diana"), commenced the above-entitled third-party action in the Boston Municipal Court, against Aetna, by filing in said Court on or about September 14, 2004 a paper entitled Third-Party Complaint. That Third-Party Complaint sets forth a claim and prayer for relief upon which this action against Aetna is based. Copies of the Summons and Complaint were duly served upon Aetna, on October 6, 2004. True and accurate copies of the Service of Process Transmittal Form, letter of Wayne A. Perkins, Esquire dated October 5, 2004, Third-Party Summons, Third-Party Complaint, and Statement of Damages are attached hereto as Exhibit "1."

3.    In the Third-Party Complaint Diana alleges, inter alia, that "[t]he Defendant/Third-Party Plaintiff, Diana Gaeta a/k/a Diana Mae Gaeta, has denied said liability [to plaintiff] and further contends that the Third-Party Defendant [Aetna] is contractually obligated to pay any indebtedness to the Plaintiff, The General Hospital Corporation, under its then existing Health Insurance Policy." Third-Party Comp. ¶ 2. Diana further alleges that "The Defendant/Third-Party Plaintiff, Diana Gaeta a/k/a Diana Mae Gaeta, at all times material hereto, was the spouse of Robert Gaeta, both of whom were insured for medical care and treatment by the Third-Party Defendant, "Aetna", and therefore the Third-Party Plaintiff, Diana Gaeta a/k/a Diana Mae Gaeta was a third-party beneficiary to said insurance contract and should have been covered." Third-Party Comp. ¶ 3. Diana contends that "Aetna, contractually had an obligation to pay for the medical care and treatment rendered to Diana Mae Gaeta from September 26, 1998 and subsequent thereto at the Massachusetts General Hospital (The General Hospital Corporation) and in violation of the contractual obligation to do so, have failed to do so." Third-Party Comp. ¶ 4.

4.	Upon information and belief, Diana's husband, Robert M. Gaeta, Sr., ("Robert") was a participant in a self-funded employee welfare benefit plan established and maintained by Robert's former employer, Trans World Airlines, Inc. ("TWA"). TWA established that plan for the purpose of providing health insurance coverage for its qualified employees and their beneficiaries. The TWA group health insurance plan at issue ("Plan"), in which Robert was a participant, is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Diana's third-party claim against Aetna relates directly to the Plan and is governed by ERISA.

5.	Upon information and belief, Diana was a Plan beneficiary during the relevant time period. Third-Party Complaint ¶ 3.

6.	The allegations in the Third-Party Complaint establish that Diana's claim "relate[s] to" an employee welfare benefit plan. See 29 U.S.C. § 1144(a). It is well settled that a cause of action filed in state court that comes within the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law. Danca v. Private Health Care Systems, Inc., 185 F.3d 1 (1st Cir. 1999). Indeed, as an exception to the well-pleaded complaint rule, such an action is properly removable even when the ERISA nature of the benefit claim is not apparent on the face of the complaint. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7.	Here, Diana is seeking health insurance benefits under a self-insured group insurance plan. Section 502(a) of ERISA provides, among other things, a cause of action by a participant or beneficiary "to recover benefits due ... under the terms of the plan, to enforce ... rights under the

- 4 -

terms of the plan, or to clarify ... rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Diana's claim falls squarely within ERISA's civil enforcement section.

8. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

9. This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1441(b).

10. Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Boston Municipal Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

WHEREFORE, third-party defendant Aetna prays that this action be removed from the Boston Municipal Court to the United States District Court for the District of Massachusetts.

VERIFICATION

I, Edward P. O'Leary, counsel for the third-party defendant Aetna, hereby make oath that I have prepared and read the foregoing Notice, and that the facts set forth therein are true and accurate to the best of my knowledge and belief.

Signed under the pains and penalties of perjury this 1st day of November, 2004.

_Edward P. O'Leary_
Edward P. O'Leary

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 2ND day of November served a copy of the above document on counsel of record, as set forth below, by first-class mail, postage prepaid.

Wayne A. Perkins, Esquire
403 Highland Avenue
Somerville, MA 02144

Erika Soong, Esq.
Daniels Law Offices, P.C.
One Center Plaza
Boston, MA 02108

_Edward P. O'Leary_
Edward P. O'Leary