UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DIANA GAETA a/k/a DIANA MAE GAETA,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>AETNA HEALTH, INC. f/k/a AETNA U.S. HEALTHCARE, INC. f/k/a U.S. HEALTHCARE, INC.,<br><br>    Third-Party Defendant. | Civil Action No. 04-12331-RWZ |

### MOTION OF THIRD-PARTY DEFENDANT AETNA HEALTH, INC. TO DISMISS THIRD-PARTY COMPLAINT OF DIANA GAETA

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, third-party defendant Aetna Health, Inc. f/k/a Aetna U.S. Healthcare, Inc. f/k/a U.S. Healthcare, Inc. (hereinafter "Aetna"), hereby moves to dismiss the Third-Party Complaint of Diana Gaeta a/k/a Diana Mae Gaeta ("Diana"). In support of this motion, Aetna states as follows:

1. The third-party plaintiff's spouse Robert Gaeta ("Robert") was employed by Trans World Airways, Inc. ("TWA"). TWA offered healthcare insurance to its qualified employees and their beneficiaries. Robert participated in the TWA health insurance plan ("Plan"). Diana was a beneficiary of the Plan.

2. The Plan's benefits are funded solely by TWA. Though the Plan is self-insured, TWA retained Aetna to act as a third-party claim administrator.

- 2 -

3. The third-party plaintiff received medical care in September, 1998. She alleges that she submitted the bill for her medical care to Aetna, and that Aetna denied her claim. When she did not pay the hospital's bill for services, she was sued by the plaintiff in this action, The General Hospital Corporation ("MGH").

4. After she was sued by MGH Diana filed a single count third-party complaint against Aetna in which she alleged that Aetna insured her medical expenses under the Plan. Inasmuch as Diana's claim has a connection with or reference to the Plan, they "relate to" an employee benefit plan and are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

5. To prevail on her claim against Aetna, the third-party plaintiff must prove the existence of, or specific terms of the Plan. As such, Diana's State law breach of contract claim is expressly preempted by ERISA. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990).

WHEREFORE, third-party defendant Aetna Health, Inc. requests that the Court grant this motion to dismiss and enter judgment in favor of Aetna on the Third-Party Complaint.

In support of this motion, Aetna relies on its Memorandum of Law in Support of The Third-Party Defendant's Motion to Dismiss filed herewith.

> AETNA HEALTH, INC. f/k/a
> AETNA U.S. HEALTH CARE,
> INC. f/k/a U.S. HEALTHCARE INC.
> By its attorneys,
>
> Edward P. O'Leary, BBO# 551932
> Fitzhugh, Parker & Alvaro LLP
> 155 Federal Street, Suite 1700
> Boston, MA 02110
> (617) 695-2330

Dated: November 11, 2004

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of November served a copy of the above document on counsel of record, as set forth below, by first-class mail, postage prepaid.

Wayne A. Perkins, Esquire
403 Highland Avenue
Somerville, MA 02144

Erika Soong, Esq.
Daniels Law Offices, P.C.
One Center Plaza
Boston, MA 02108

_____
Edward P. O'Leary