UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DIANA GAETA a/k/a DIANA MAE GAETA,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>AETNA HEALTH, INC. f/k/a AETNA U.S.<br>HEALTHCARE, INC. f/k/a U.S. HEALTHCARE,<br>INC.,<br><br>Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-12331-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT AETNA HEALTH, INC.'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, third-party defendant

Aetna Health, Inc., f/k/a Aetna U.S. Healthcare, Inc. f/k/a U.S. Healthcare, Inc. (hereinafter

"Aetna") moves to dismiss the Third-Party Complaint of defendant and third-party plaintiff Diana

Gaeta a/k/a Diana Mae Gaeta ("Diana").[1]

The Third-Party Complaint sets forth a single State law claim for breach of contract. Aetna

seeks to dismiss that Complaint on the ground that it sets forth a single claim that is preempted by

---

[1] Pursuant to Local Rule 7.1, the undersigned certifies that he has contacted counsel for the third-party plaintiff through correspondence and conversations in a good faith effort to resolve or narrow the issue presented in this motion, but these efforts have not resolved the basic disagreement between the parties. Further discussion between the parties on this issue does not appear likely to be productive.

- 2 -

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 *et seq.*

Since Diana's breach of contract claim is preempted, the Third-Party Complaint is subject to

dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTS AND PROCEDURAL BACKGROUND

Based upon the allegations of the Complaint, the relevant facts underlying the third-party

plaintiff's claims in this matter are as follows:

The third-party plaintiff's spouse, Robert Gaeta ("Robert") was employed by Trans World

Airways, Inc. ("TWA"). (Complaint ¶ 3; Answer ¶ 3). TWA offered group health insurance to its

qualified employees through an employee welfare benefit plan ("Plan"). *Id.* Robert was a Plan

participant and Diana was a Plan beneficiary. The Plan's benefits were funded solely by TWA.

(Answer ¶ 4, and Exs. 1, 2, 3, and 4 attached thereto). TWA retained Aetna to act as the third-

party claim administrator in connection with the Plan. (Answer ¶ 3, and Ex. 1 attached thereto).

Atena and TWA entered into an administrative services agreement ("ASO"), and pursuant to the

terms of that ASO Aetna provided administrative services, but it did not insure the Plan benefits.

(Answer ¶ ¶ 3, 4).

Diana received medical care at the Massachusetts General Hospital on September 26, 1998,

and thereafter. (Complaint ¶ 4). She submitted her hospital bill to Aetna for payment through the

Plan. *Id.* Diana alleges that Aetna denied her claim. (Complaint ¶ 5). Thereafter, the General

Hospital Corporation filed suit against Diana in the Boston Municipal Court to collect the unpaid

medical bills. On September 14, 2004, Diana filed a third-party complaint against Aetna alleging

that Aetna breached the terms of the Plan in failing to pay benefits. On October 26, 2004 Aetna

and Diana filed a stipulation in which Diana granted Aetna an extension of time in which to file an

- 3 -

answer or other responsive pleading. Thereafter, Aetna removed the matter to this Court on the ground of federal question jurisdiction. Since Diana's claim against Aetna is governed by ERISA, this Court has subject matter jurisdiction.

## ARGUMENT

**I.    The Court Must Dismiss Diana's Third-Party Complaint Because She Cannot Recover On Her Preempted State Law Claim Under Any Set Of Facts.**

The Third-Party Complaint against Aetna fails to state a claim upon which relief can be granted and therefore it is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The applicable standard of review for motions to dismiss is well-established. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir. 1993). Then, the court "determine[s] whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." *Martin v. Applied Cellular Tech., Inc.*, 284 F.3d 1, 6 (1st Cir. 2002); *Lister v. Bankers Life and Casualty Co.*, 218 F.Supp.2d 49, 50 (D. N.H. 2002). Despite the liberal pleading requirements established by the federal rules, in deciding a motion to dismiss for failure to state a claim courts give "no weight to "bald assertions, unsupportable conclusions, and upprobrious epithets." *Chongris v. Bd. Of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987). Nor do courts credit a plaintiff's subjective characterizations. *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52-53 (1st Cir. 1990); *Dewey v. Univ. of N.H.*, 694 F.2d 1, 3 (1st Cir. 1982). When, as here, "it appears to a certainty that the plaintiff would be unable to recover under any set of facts" the complaint must be dismissed. *Roma Const. Co. v. Russo*, 26 F.3d 566, 569 (1st Cir. 1996). Stated differently, a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be granted if "the factual averments do not justify recovery

- 4 -

on some theory adumbrated in the complaint." *Rogan v. Menino*, 175 F.3d 75, 77 (1ˢᵗ Cir. 1999).
As will be shown below, because Diana's third-party State law breach of contract claim is
expressly preempted by ERISA, she cannot recover against Aetna on any set of facts.

## II.     The Third-Party Plaintiff's State Law Claim Is Expressly Preempted By ERISA And Is Therefore Subject To Dismissal.

The United States Supreme Court has stated that to "eliminat[e] the threat of conflicting or
inconsistent State and local regulation of employee benefit plans," *Shaw v. Delta Airlines, Inc.*, 463
U.S. 85, 99 (1974), ERISA provides for the preemption of all state law causes of action "insofar as
they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "State law"
is defined to include any state action "having the effect of law." 29 U.S.C. § 1144(c)(1). "ERISA
preemption analysis thus involves two central questions: (1) whether the plan at issue is an
'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit
plan." *McMahon v. Digital Equipment Corporation*, 162 F.3d 28, 36 (1ˢᵗ Cir. 1998).

Here, the Plan provides health insurance benefits to its members and it is plainly an
"employee welfare benefit plan" as defined by ERISA.  29 U.S.C. § 1002(3).[2]  TWA established
and maintained the Plan, and it funded the Plan's health insurance benefits.  (Answer ¶ 4 and Exs.
1, 2, 3, and 4 attached thereto).   Robert participated in the Plan in connection with his employment
at TWA. *See id.* at ¶ 3.  Thus, the Plan is a textbook example of and ERISA-regulated 'employee

---

[2]/ ERISA defines an "employee welfare benefit plan", in part, as:

> any plan, fund, or program which ... is ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death....

29 U.S.C. § 1002(1) (emphasis added).

- 5 -

welfare benefit plan.' *See Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir.

1990)(discussing criteria for determining whether a plan, fund or program falls within ERISA's

ambit) .

The Plan is an ERISA-regulated 'employee benefit plan' and Diana's State law breach of

contract claim 'relate[s] to' the Plan. "A law 'relates to' a covered employee benefit plan ... if it

[1] has a connection with or [2] reference to such a plan." *California Div. Of Labor Standards*

*Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 324 (1997)(additional internal

quotation and other marks and citations omitted).  In the First Circuit, the law is now well-settled

that "[A] state law cause of action is expressly preempted by ERISA where a plaintiff, in order to

prevail, must prove the existence of, or specific terms of, an ERISA plan." *McMahon*, 162 F.3d at

38; *see also Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994)(a plaintiff's state law

claim is preempted where the court's inquiry must be directed to the plan). In the present case,

Diana cannot recover on her breach of contract claim without proving the terms of the Plan.  Stated

differently, Diana cannot recover without showing that the medical treatment she received was

covered under the terms of the Plan. *McMahon*, 162 F.3d at 39.  The burden of proof rests with

Diana. *See Terry v. Bayer Corporation*, 145 F.3d 28 (1st Cir. 1998).  Simply put, because the

outcome of Diana's State law claim relies on her assertion that she is eligible for benefits under the

Plan, her cause of action against Aetna is preempted. *McMahon*, 162 F.3d at 38.

The First Circuit has addressed ERISA's preemption of State law breach of contract claims

on numerous occasions.  It is clear beyond peradventure that ERISA preempts such claims when,

in order to prevail, the plaintiff must  prove either existence of, or terms of, an ERISA plan.

*McMahon*, 162 F.3d at 38; *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196 (breach of

- 6 -

contract and wrongful death claims preempted); *see also Hampers v. W.R. Grace & Co., Inc.*, 202

F,3d 44 (1ˢᵗ Cir. 2000)(ERISA preempts common law action for lump sum contract damages where

alleged breach involved failure of former employer to enroll plaintiff in pension benefit plan).

Here, Diana will have to prove the existence of a contract before she can demonstrate that Aetna is

in breach. Because Diana must prove the existence of the Plan, as well as the specific language of

the Plan, her claim is "expressly preempted" by ERISA. *Ingersoll-Rand Co. v. McClendon*, 498

U.S. 133, 140 (1990). Since Diana's sole cause of action against Aetna is preempted, the Court

should dismiss the Third-Party Complaint.

CONCLUSION

For the foregoing reasons, Aetna requests that the Court grant this motion and enter

judgment in favor of Aetna.

Respectfully submitted,
AETNA HEALTH, INC. f/k/a
AETNA U.S. HEALTH CARE,
INC. f/k/a U.S. HEALTHCARE INC.
By its attorneys,


Edward P. O'Leary
BBO #551932
Fitzhugh, Parker & Alvaro LLP
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

Dated: November 11, 2004

- 7 -

CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of November served a copy of the above document on counsel of record, as set forth below, by first-class mail, postage prepaid.

Wayne A. Perkins, Esquire
403 Highland Avenue
Somerville, MA 02144

Erika Soong, Esq.
Daniels Law Offices, P.C.
One Center Plaza
Boston, MA 02108

Edward P. O'Leary